UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Roselyn Goodrum, ) | Criminal No.: 4:16-cr-00166-RBH-1 |
| ) | Civil Action No.: 4:17-cv-00662-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Petitioner Roselyn Goodrum's ("Petitioner") *pro se* [ECF No. 258] motion to vacate, set aside, or correct sentence ("motion to vacate") pursuant to 28 U.S.C. § 2255. Also pending is the government's [ECF No. 276] motion to dismiss Petitioner's motion to vacate. For the reasons stated below, the Court grants Respondent's motion to dismiss, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice

**Procedural History and Factual Background**

Petitioner was indicted on March 1, 2016, in a one count indictment for conspiracy to defraud Federal farm assistance programs in violation of 18 U.S.C. § 371. [ECF No. 2]. A superseding indictment, which added an obstruction of justice count against Petitioner, was filed on August 2, 2016. [ECF No. 140].

On August 26, 2016, Petitioner signed a plea agreement wherein she agreed to plead guilty to count one of the superseding indictment. [ECF Nos. 165, 167]. Petitioner entered her guilty plea on September 1, 2016. [ECF No. 168]. Petitioner was represented by Kirk Truslow, Esq. through her guilty plea.

A presentence investigation report ("PSR") dated November 10, 2016, and revised on December 21, 2016, was prepared by the U.S. Probation Office. The PSR found that Petitioner's

advisory guideline range was 27 to 33 months, based on a total offense level of 18 and criminal history category of I.

On November 16, 2016, Petitioner filed a pro se motion to withdraw her guilty plea. [ECF No. 206]. Petitioner filed an amended pro se motion to withdraw her guilty plea [ECF No. 224] and a pro se motion for new counsel [ECF No. 226] on December 7, 2016.

On December 20, 2016, U.S. Magistrate Judge Kaymani D. West granted Petitioner's motion for new counsel and appointed FitzLee McEachin, Esq. to represent Petitioner through the remainder of the case.

On February 9, 2017, the Court denied Petitioner's motions to withdraw her guilty plea. [ECF No. 249]. After denying her motions to withdraw her guilty plea, the Court sentenced Petitioner to a 27 month term of imprisonment as to count one. [ECF No. 252]. Petitioner was also placed on supervised release for 3 years and ordered to pay restitution in the amount of $146,401.00. Judgment was entered on February 17, 2017. [ECF No. 252]. Petitioner did not file a direct appeal.

Petitioner filed the instant pro se motion to vacate pursuant to 28 U.S.C. § 2255 on March 10, 2017. [ECF No. 258]. The government filed a response to Petitioner's motion to vacate and a motion to dismiss on March 30, 2017.[1] [ECF No. 276].

Petitioner retained counsel for the sole purpose of filing a motion for bond pending review and a motion to delay her reporting date. [ECF Nos. 266, 267]. The Court denied Petitioner's motion for bond and motion to delay her reporting date on March 21, 2017. [ECF No. 271].

**Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a

---

[1] Although no affidavit from counsel was submitted to rebut Petitioner's claims, it was unnecessary based on the Court's record and plea colloquy.

2

petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Nonconstitutional claims may be brought pursuant to § 2255, but will not provide a basis for collateral attack unless the error involves a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct., 2235, 2240 (1979); *United States v. Morrow*, 914 F.2d 608, 613 (4th Cir. 1990).

A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (stating petitioner "cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion'"); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)*; Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), cert denied, 429 U.S. 863, 97 S. Ct. 169 (1976). An exception occurs where there has been an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2302 (1974). Additionally, where a defendant could have raised a claim on direct appeal but fails to do so, the claim may only be raised in a federal habeas proceeding if the defendant can show both cause for and actual prejudice from the default, *see Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or that she is actually innocent, *see Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. §

2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [ ] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 F. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 F. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Petitioner's motion to vacate alleges ineffective assistance of counsel. Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Constitution. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686, (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness," *id*. at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A

4

reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. In the context of a guilty plea, Petitioner must show "that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id*.

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id*. A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

**Analysis**

Petitioner raises six grounds for relief. In ground one, Petitioner alleges her guilty plea was not voluntary as a result of her counsel's alleged ineffectiveness. In ground two, Petitioner alleges ineffective assistance of counsel claiming she did not understand the consequences of accepting the plea agreement. Ground three alleges that counsel failed to perform an independent investigation of the facts prior to convincing her to sign the plea agreement. Petitioner alleges in ground four that the prosecution failed to ensure that all facts of the case were investigated. In ground five, Petitioner alleges that Farm Service Agency requirements were not met in determining if applications were fraudulent and that the failure to meet Farm Service Agency requirements renders her conviction unlawful. In ground six, Petitioner alleges the prosecutor presented false evidence to the court.

Ground One

In ground one, Petitioner alleges ineffective assistance of counsel with regard to her guilty plea and contends that her guilty plea was not voluntary. Petitioner claims her attorney told her that if she accepted the plea agreement she would not have to serve any time in prison. Petitioner also alleges her attorney discouraged her from going to trial and indicated that "he had done something big for Judge Harwell on another case and when Judge Harwell saw him walk into the court room, he would go along with whatever Mr. Truslow suggested." [ECF NO. 258 at 4].

This claim is directly contradicted by Petitioner's sworn statements at her guilty plea hearing. "[A] defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Courts must be able to rely on the defendant's statements made under oath during a properly conducted

Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003). In the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." *See Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975) (holding that "the district court was not required to conduct an evidentiary exploration of the truth of an allegation in a § 2255 motion which amounted to no more than a bare contradiction of statements made by [the petitioner] when he pleaded guilty"); *Lasiter v. Thomas*, 89 F.3d 699, 702-03 (10th Cir. 1996) ("[The petitioner] [i]s bound by his solemn declarations in open court and his unsubstantiated efforts to refute that record [a]re not sufficient to require a hearing. This case does not involve the most extraordinary circumstances.") (internal quotation marks omitted); *Ouellette v. United States*, 862 F.2d 371, 377-78 (1st Cir. 1988) (holding that an evidentiary hearing is not required when a petitioner's uncorroborated allegations are directly contradicted by his testimony at the time of his plea colloquy); *see also Bowman*, 348 F.3d at 417 ("[W]hen a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process."). "Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-222.

Petitioner testified that she understood that her sentence could be different than any estimate her attorney may have given her. [Guilty Plea Tr., ECF No. 220 at 12]. She also testified that no one was forcing her, threatening her, or pressuring her to plead guilty. *Id*. at 24. Petitioner further testified that no one had promised her anything to induce her to plead guilty. *Id*. at 25. Petitioner's

7

claims that her lawyer promised her that she would serve no prison time if she pled guilty and that Judge Harwell would treat her more favorably because Mr. Truslow was her lawyer are "palpably incredible" and "patently frivolous or false." *See Crawford*, 519 F.2d 347, 350. Petitioner has failed to establish ineffective assistance of counsel under *Strickland*. In light of her sworn statements on the record, Petitioner has not demonstrated a reasonable probability that, but for any alleged errors by counsel, she would not have pled guilty and would have insisted on going to trial.[2] *Hill*, 474 U.S. at 59. For those reasons, ground one is due to be dismissed.

Ground Two

In ground two, Petitioner again alleges ineffective assistance of counsel with regard to her guilty plea in that she did not understand all of the consequences of accepting the plea agreement. Petitioner alleges that her counsel told her she would receive a downward departure and acceptance

---

[2] To the extent Petitioner raises an ineffective assistance of counsel claim against FitzLee McEachin, Esq. with regard to her motion to withdraw her guilty plea, Petitioner has failed to establish any prejudice because Petitioner's guilty plea was knowing and voluntary and Petitioner's motion to withdraw her guilty plea was properly denied.

Prior to accepting a guilty plea, a trial court must inform the defendant of, and determine that she understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty she faces, and the various rights she is relinquishing by pleading guilty. Fed.R.Crim.P. 11(b). The court also must determine whether there is a factual basis for the plea. *Id.*; *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir.1991). The purpose of the Rule 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. *See United States v. Vonn*, 535 U.S. 55, 58, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).

The Court conducted a thorough plea colloquy, informed the defendant of the nature of the charges to which she pled guilty, the possible penalties, and the various rights she was relinquishing. The Court determined there was an adequate factual basis for the plea and determined that Petitioner's plea was knowing and voluntary. Accordingly, Petitioner has failed to establish that her guilty plea was involuntary. Petitioner's claim that the undersigned would treat her more favorably because Kirk Truslow, Esq. was her lawyer is wholly without merit. The Court asked Petitioner if anyone had promised her what sentence she would get and she replied "no." [ECF No. 220 at 43].

of responsibility if she pled guilty. However, because Petitioner did not cooperate and provide substantial assistance in the investigation or prosecution of another, the government did not move for a downward departure. Also, because Petitioner moved to withdraw her guilty plea and indicated that the allegations in the indictment were not correct, Petitioner did not receive any reductions for acceptance of responsibility.

To the extent Petitioner claims ineffective assistance of counsel because Mr. Truslow allegedly promised her a downward departure and acceptance of responsibility, that claim fails due to Petitioner's sworn statement that she was not promised anything prior to her entering her guilty plea. Petitioner has failed to demonstrate that, but for the alleged promise regarding a downward departure and acceptance of responsibility, she would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. Petitioner has, therefore, failed to establish any prejudice from counsel's alleged errors. Ground two is without merit and due to be dismissed.

Ground Three

Petitioner alleges in ground three that her counsel failed to perform an independent investigation of the facts prior to convincing her to sign the plea agreement. Petitioner claims that after her guilty plea, Mr. Truslow admitted that he had not reviewed the discovery very closely because she was going to plead guilty.

At her guilty plea hearing, Petitioner testified that: 1) she was satisfied with the manner in which her attorney had represented her; 2) she talked with her attorney as often and for as long as she felt necessary; 3) she did not need any more time to talk to her attorney; 4) she understood all of her conversations with her attorney; 5) her attorney had done everything for her that she felt he should have or could have done; 6) her attorney had done everything she had asked him to do; 7)

there was nothing else she wanted her attorney to do for her prior to her guilty plea hearing; 8) she was completely satisfied with her attorney's services; and 9) she did not have any complaints about her attorney. [Guilty Plea Tr., ECF No. 220 at 8-11].

Petitioner also admitted to the factual basis for the plea and generally agreed with the prosecutor's summary of what she did. *Id*. at 45. After hearing the factual basis for the plea, Petitioner answered that she was, in fact, guilty of the offense of conspiracy to defraud Federal farm assistance programs. *Id*.

Based on Petitioner's sworn statements at her guilty plea hearing, she has failed to demonstrate that, but for counsel's alleged failure to perform an independent investigation, she would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. As a result, Petitioner has failed to establish any prejudice from counsel's alleged failure to conduct an independent investigation of the facts.

Ground Four

Petitioner claims in ground four that the prosecution failed to ensure that all facts of the case were investigated. At the guilty plea hearing, the Court set forth the allegations contained in the superseding indictment. [Guilty Plea Tr., ECF No. 220 at 26-35]. The Court then set forth the elements of the offense. *Id*. at 35-36. Petitioner admitted to each of the elements of the conspiracy alleged in the indictment. *Id*. at 36.

After the prosecutor summarized the plea agreement, he stated the factual basis for the plea as follows:

> USDA Farm Service Agency oversees the emergency conservation program. The emergency conservation program provides federally

> sourced financial assistance to farmers when disaster strikes and the viability of their land is in danger.
>
> The ECP is delegated to state and county committees. The committees must assess the damage and act as quality control and as gatekeepers of the benefits. Ms. Goodrum was the county executive director for the Florence County FSA from mid-2006 to late 2014.
>
> In February 2014 an ice storm hit Florence. Benefits and application period opened and ended on May 9, 2014. The forms had to be submitted to the Florence ECP for Ms. Goodrum's approval.
>
> This investigation conducted by the USDA revealed five applications were submitted in the names of Roselyn Goodrum's relatives. The total amount dispersed to the false applications was $146,401. In contrast, Your Honor, the total amount dispersed to the other 94 recipients was $528,000.
>
> The average payment to Ms. Goodrum's relatives was just over $29,000. The average for all the rest was $5,600. For most of the five applications, their names were not added to the FSA database until September and October of 2014, well after the sign-up period.
>
> And four out of the five have no record of any prior association with the farms and the fifth was issued a payment, there was an excess of what he had claimed. The payments were made to Tyrone Goodrum, money was diverted to Tyrone Goodrum, then to Andrea Lee, Katrina Judge Woods, Rogers Judge, Jamea Quick and Mickel Hannah.
>
> Your Honor went over all five of the payments when you were going over the indictment so we incorporate those and also the overt acts outline Ms. Goodrum's efforts to add names to the rolls and to divert payments to the various bank accounts and those people's names but also into bank accounts controlled by her.

*Id*. at 43-44.

Again, Petitioner agreed with the prosecutor's summary of what she did and indicated that she was guilty of the offense. *Id*. at 45. Petitioner's claim that the prosecutor failed to ensure that all

11

facts of the case were investigated lacks merit when considered in conjunction with Petitioner's sworn statements on the record at her guilty plea hearing.

Additionally, ground four is procedurally defaulted in that Petitioner could have raised this ground on direct appeal but failed to do so. Where a defendant could have raised a claim on direct appeal but fails to do so, the claim may only be raised in a federal habeas proceeding if the defendant can show both cause for and actual prejudice from the default, *see Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or that she is actually innocent, *see Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). Petitioner has failed to show cause and actual prejudice or that she is actually innocent of the charge to which she pled guilty.

Ground four is due to be dismissed.

Ground Five

In ground five, Petitioner argues that Farm Service Agency requirements were not met in determining if applications were fraudulent and, as a result, Petitioner's conviction is unlawful. Petitioner, however, fails to direct the Court to any authority requiring Farm Service Agency requirements be met as some sort of prerequisite to indicting someone for conspiracy to defraud under 18 U.S.C. § 371. In any event, ground five is procedurally defaulted because Petitioner could have raised this claim on direct appeal but failed to do so. Petitioner has not demonstrated cause and actual prejudice or that she is actually innocent of charge to which she pled guilty.

Ground five is due to be dismissed.

Ground Six

In ground six, Petitioner alleges that the prosecutor presented false evidence to the court when he presented shredded documents in a plastic bag that he accused her of shredding. In this

12

ground, Petitioner appears to contend that there was no evidence that she obstructed justice and appears to challenge her obstruction of justice enhancement in the PSR.

Petitioner's offense level was increased by two points based on her obstruction of justice. Specifically, the obstruction of justice enhancement was based on the fact that Petitioner returned to her office while on administrative leave and shredded the application documents that she previously submitted. At sentencing, the Court found that Petitioner had obstructed justice by shredding the applications and enhanced her offense level.

Petitioner has procedurally defaulted ground six because this claim could have been raised on direct appeal and Petitioner has not shown cause and prejudice or that she is actually innocent. Accordingly, ground six is dismissed.

Summary

In conclusion, the Court conducted a proper Rule 11 colloquy and established that Petitioner's plea was knowing and voluntary. Petitioner has not shown sufficient extraordinary circumstances to overcome the hurdle created by her sworn statements under oath. Petitioner has failed to demonstrate constitutionally deficient performance by her lawyer and has also failed to demonstrate that, but for the alleged errors, she would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. Additionally, Petitioner is procedurally defaulted from raising grounds four, five, and six because those grounds could have been raised on direct appeal, but were not and Petitioner has not shown any cause or prejudice to excuse the default, or that she is actually innocent.

For the reasons stated above, Petitioner's motion to vacate is due to be dismissed.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

### Conclusion

For the reasons stated above, the government's [ECF No. 276] motion to dismiss is **GRANTED** and Petitioner's [ECF No. 258] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**.[3]

The Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

July 11, 2018               s/ R. Bryan Harwell
Florence, South Carolina       R. Bryan Harwell
                                             United States District Judge

---

[3] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").